

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00146-CV
_____

IN THE INTEREST OF S.S.C. AND X.C., CHILDREN

On Appeal from the 72nd District Court
Crosby County, Texas
Trial Court No. 2016-7949, Honorable Kara L. Darnell, Presiding

August 13, 2018

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

"Mandy,"[1] appeals the trial court's order terminating her parental rights to her daughter, "X.C." Appointed counsel for Mandy has filed an *Anders*[2] brief in support of a motion to withdraw. Finding no arguable grounds for appeal, we affirm the judgment of the trial court.

---

[1] To protect the privacy of the parties involved, we will refer to the appellant mother as "Mandy," the father of the child as "Joe," the child the subject of this appeal as "X.C.," and the child's sibling as "S.S.C." *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017); TEX. R. APP. P. 9.8(b). Joe's parental rights were also terminated, but he did not appeal.

[2] See *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

## Background

In October 2016, the Department of Family and Protective Services filed its Petition for Protection of Child, for Conservatorship, and for Termination in Suit Affecting Parent-Child Relationship, seeking termination of the parental rights of Mandy and Joe as to their two children, fifteen-year-old S.S.C., and thirteen-year-old X.C. The children were removed after the Department received a report that Mandy left X.C. without an adult caregiver for several days. There were also concerns of Mandy's drug use because of her prior involvement with the Department.

The Department developed a service plan for Mandy to address her drug use and instability of her home. According to the plan, Mandy was required to: abstain from the use of illegal drugs; attend Alcoholics Anonymous (AA) or Narcotics Anonymous (NA); submit to random drug screens; complete a substance abuse assessment and follow recommendations; locate stable housing and employment; take parenting classes; complete a psychological evaluation; attend individual counseling; and attend visits with X.C. and S.S.C.

Mandy maintained sporadic contact with the Department during the pendency of the case. She lived at multiple residences and reported being homeless in October of 2017. She attempted individual counseling with five different counselors, but she did not complete her counseling requirement. Mandy completed a parenting class, an alcohol and drug assessment, and in-patient drug treatment. Mandy failed to submit to any of the court-ordered drug testing or attend AA/NA meetings. Mandy began outpatient drug rehabilitation services at Managed Care on August 22, 2017, but she was discharged

before completing those services. At the time of trial, Mandy also had another case pending with the Department on her youngest child. Although she was notified of the final hearing, Mandy did not appear.

On February 3, 2017, Mandy's parental rights were terminated on another child, B.M.H., on the grounds of endangerment, endangering conditions, constructive abandonment, and failure to comply with a court order that established actions necessary to retain custody of the child. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O) (West Supp. 2017).[3]

X.C. and S.S.C. are placed together at the Big Springs Ranch for Children. X.C. is "doing excellent" in her placement and is enrolled in school. X.C. does not want to live with her mother, but she would like to live with her maternal grandmother.

On April 13, 2018, the trial court terminated Mandy's parental rights on the grounds that she had her parental rights terminated to another child based on a finding of endangerment or endangering conditions and failure to comply with a court order that established actions necessary to retain custody of the child. *See* § 161.001(b)(1)(M), (O). The trial court also found that termination was in the best interest of X.C. *See* § 161.001(b)(2). The court appointed the Department as the Permanent Managing Conservator of S.S.C. and X.C.[4]

---

[3] Further references to provisions of the Texas Family Code will be by reference to "section __" or "§ __."

[4] Mandy did not appeal the trial court's appointment of the Department as Permanent Managing Conservator of S.S.C. As such, our review will be limited to the trial court's termination of Mandy's parental rights to X.C.

Analysis

Pursuant to *Anders*, Mandy's court-appointed appellate counsel has filed a brief certifying that she has diligently searched the record and has concluded that the record reflects no arguably reversible error that would support an appeal. *In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief"); *In re L.J.*, No. 07-14-00319-CV, 2015 Tex. App. LEXIS 427, at *2-3 (Tex. App.—Amarillo Jan. 15, 2015, no pet.) (mem. op.) (same).

Counsel certifies that she has diligently researched the law applicable to the facts and issues and discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding). Counsel has complied with the requirements of *Anders* by providing a copy of the brief, motion to withdraw, and appellate record to Mandy, and notifying her of her right to file a pro se response if she desired to do so. *Id.*; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS 11607, at *2-3 (Tex. App.—Amarillo Nov. 9, 2015) (order) (per curiam). Mandy has not filed a response.

Due process requires that termination of parental rights be supported by clear and convincing evidence. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (citing *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002)). This standard falls between the civil preponderance of the evidence standard and the reasonable doubt standard of criminal

proceedings. *Id.* at 73. Clear and convincing evidence is that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014). Reviewing the legal sufficiency of the evidence supporting parental termination requires us to review "all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. In a factual sufficiency review, we are to determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief about the truth of the matter on which the movant bore the burden of proof. *In re C.H.*, 89 S.W.3d 17, 28-29 (Tex. 2002); *In re T.B.D.*, 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.). By her *Anders* brief, counsel concludes that reversible error is not present because sufficient evidence supports termination under subsection (M). *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex. App.—Amarillo 2005, no pet.) (only one predicate finding under section 161.001(b)(1) is necessary to support termination when there is also a finding that termination is in a child's best interest).

As in a criminal case, we have independently examined the entire record to determine whether there is a non-frivolous issue that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable factfinder could have formed a firm belief or conviction that sufficient evidence existed to support at least one ground for termination, and that termination of Mandy's parental rights was in X.C.'s best interest. *See In re A.V.*, 113 S.W.3d at 362;

*In re T.N.*, 180 S.W.3d at 384.  After reviewing the record and the *Anders* brief, we agree with counsel that there are no plausible grounds for reversal.

Accordingly, the trial court's order terminating Mandy's parental rights to X.C. is affirmed.[5]


Judy C. Parker
Justice

---

[5] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review.  Counsel has filed a motion to withdraw, on which we will take no action.  *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).